(81 App. Div. 231.)

## In re SWEENEY.

(Supreme Court, Appellate Division, Third Department. March 27, 1903.)

1. INCOMPETENTS—INQUISITION—NOTICE—APPEARANCE OF ALLEGED INCOMPETENT.

    An alleged incompetent was adjudged incompetent without notice of the petition therefor and without opportunity of traversing its allegations. He had notice of the hearing, but was out of the state, and pre-

sented a reasonable excuse for not appearing. Aside from the testimony of two physicians, the evidence showed that he had been for a few days in a drunken condition, and was dangerous because of the excessive use of intoxicating liquors. There was no proof that this condition was habitual, or that he was incompetent because of habitual drunkenness. *Held* that, though the evidence sustained a finding of incompetency, the alleged incompetent was entitled to traverse the allegations of the petition, and to be heard on the appointment of commissioners and before a newly summoned jury, subject, however, to his serving his answer and submitting himself to the jurisdiction of the court within a specified time.

Appeal from Special Term.

Proceedings for the appointment of a committee of the person and property of Dennis Sweeney, an alleged incompetent. From an order of the Special Term confirming the report of a commission appointed to inquire into his competency, and appointing a committee, Dennis Sweeney appeals. Modified.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

Nisbet & Hanson, for appellant.
Florence J. Sullivan (E. T. Brackett, of counsel), for respondents.

PER CURIAM. We think that the exercise of a judicial discretion wisely, and in accordance with the practice in the Supreme Court, called for the granting of the appellant's request for a hearing. The appellant had no notice of the presentation of the petition, and no opportunity to traverse the allegations contained therein. While this may not be fatal to the proceedings, the failure to give such notice is to be considered in disposing of appellant's request. The Court of Appeals, in Matter of Blewitt, 131 N. Y. 541, 30 N. E. 587 (opinion by Andrews, J.) said:

"In our opinion, a very clear case should be made before the court should proceed in lunacy proceedings, in the absence of actual personal and written notice to the party, and that, unless such a case is made by the petition or affidavits * * * an adjudication, in the absence of such notice, should be set aside."

The appellant had notice of the hearing before the commission, but he was out of the state at the time, and presented a reasonable excuse for his default in not appearing at the trial. Aside from the testimony of two local physicians, the evidence taken before the commission shows appellant for a few days in a drunken condition, and violent and dangerous because of the excessive use of intoxicating liquor. There is no proof that this condition is habitual, or that appellant was an incompetent person because of habitual drunkenness. While the evidence before the jury sustains the finding of incompetency, it is not of that conclusive character that it might not be explained, and a different finding might result if appellant were allowed to defend. The matter is of the utmost importance to appellant, involving his personal liberty and the custody of a considerable property. He ought to be allowed every facility to present his case.

We are of the opinion, therefore, that appellant should be permitted to traverse the allegations of the petition, be heard upon the appointment of commissioners, and before a newly summoned jury. In case the findings of the jury, approved by the commission, shall be that appellant is not an incompetent person, and the final order of the court sustains such findings, the petition should be dismissed. Pending such proceedings, the order appointing a committee heretofore made should stand. In any event, the costs and disbursements incurred, as fixed by the order appealed from, should be paid by the appellant or out of his estate.

This relief is granted to appellant on condition that, within 10 days from date of service of a copy of the order of this court upon appellant's attorneys appearing on this appeal, the appellant shall serve his answer to the original petition, and submit himself in person or by attorney to the jurisdiction of the court wherein the proceedings are pending; otherwise the order should be affirmed, with costs. No costs of this appeal should be allowed to either petitioners or appellant in case the appellant complies with the condition mentioned.

Order to be settled by CHESTER, J.